# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

O'Neal O. McGregor,

                Plaintiff,

v.

Equifax Information Services, LLC;
Bank of America N.A.; and, Mercedes-
Benz Financial Services USA, LLC,

                Defendants.

Case No.:

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1.     This action for damages is based on Defendant's false reporting on Plaintiff's consumer reports, failures to follow reasonable procedures to ensure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

2.     Plaintiff O'Neal O. McGregor is natural person who resides in Henry County, Georgia.

3.     Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4.     Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia.

5.    Equifax  regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.    Defendant Bank of America N.A. (hereinafter "BOA") does business in Georgia.

7.    BOA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions, and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8.    Defendant Mercedes-Benz Financial Services USA, LLC (hereinafter "Mercedes") does business in Georgia.

9.    Mercedes regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## JURISDICTION AND VENUE

10.   Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for any state law claims arises under 28 U.S.C. § 1367.

11.    Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12.    On February 18, 2010, Plaintiff filed a voluntary bankruptcy petition under Chapter 13 of the bankruptcy code in the Northern District of Georgia, case number 10-64703.  Plaintiff received a discharge of his debts by Order of that Court dated March 11, 2015.

13.    Among the debts discharged were a debt owing to BOA and a debt owing to Mercedes.

14.    Plaintiff has never filed a bankruptcy petition under Chapter 7 of the bankruptcy code.

15.    Plaintiff never reaffirmed the Mercedes debt and never rescinded any reaffirmation agreement regarding the Mercedes debt.   Rather, The Mercedes debt was resolved per the confirmed Chapter 13 Plan.

16.    On or about April 17, 2015, Plaintiff obtained a copy of his consumer report as published by Equifax.

17.    That report contained erroneous information as provided by BOA and Mercedes and published and reported by Equifax.

18.   Defendants Equifax and BOA reported that the BOA debt had an outstanding balance of $116,525 and a past due balance of $51,047.

19.   The information described above was both false and misleading.

20.   Defendants Equifax and Mercedes reported that the Mercedes debt had been reaffirmed, that the reaffirmation had been rescinded, and that the debt had been included in a Chapter 7 bankruptcy.

21.   The information described above was both false and misleading.

22.   In letters dated September 9, 2015, Plaintiff disputed the inaccurate and misleading information directly to each of the Defendants, and advised each of the Defendants of the specific facts that rendered their reporting inaccurate and misleading.

23.   Upon information and belief, Defendant Equifax timely notified Defendants BOA and Mercedes of Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

24.   In a document dated September 16, 2015, Defendant Equifax advised Plaintiff that it had processed Plaintiff's dispute and made revisions to Plaintiff's credit file based on Plaintiff's dispute.  Defendant Equifax provided a copy of the tradelines as reported that reproduced the errors identified by Plaintiff in his original dispute letter.  A true and correct copy of the relevant pages of this document is attached as "Exhibit A."

25.  The "verified" reinvestigation report still listed the BOA account as having an outstanding balance of $116,525 and a past due balance of $51,047, and still listed the Mercedes account as having been reaffirmed, that the reaffirmation had been rescinded, and that the debt had been included in a Chapter 7 bankruptcy.

26.  The information described above was both false and misleading.

27.  Despite having actual notice of specific facts that rendered the information in Plaintiff's consumer report false and misleading, Defendants re-reported the false and misleading information.

28.  There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Defendants.

29.  Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports.

30.  BOA is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

31.  Mercedes is responsible for following reasonable procedures to assure maximum possible accuracy whenever they furnish information for use in consumer reports.

32.   Equifax was required to communicate the specifics of Plaintiff's disputes to BOA and Mercedes, in accordance with the requirements of 15 U.S.C. § 1681i.

33.   Each Defendant had an affirmative duty to independently investigate the disputes submitted by Plaintiff, and to accurately report the trade-line information, notwithstanding the information it received from a co-defendant.

34.   Each and all of the Defendants, independently and jointly, breached their duties as described above.

35.   Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the false and misleading information on Plaintiff's consumer report regarding the BOA and Mercedes debts was not appropriately deleted or modified.

36.   Defendants willfully and/or negligently failed to follow reasonable procedures to ensure maximum possible accuracy of information.

37.   Defendants willfully and/or negligently failed to conduct reasonable investigations of Plaintiff's disputes.

38.   As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

39.   As a result of Defendants' willful actions and omissions, Plaintiff is eligible for punitive damages.

40.   As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation suppression of his credit score, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

41.   Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax)

42.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

43.   Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information in Plaintiff's consumer reports.

44.   Equifax willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

45.   As a result of Equifax's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation suppression of his credit score, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

46.   Equifax's actions and omissions were willful, rendering Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

47.   Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### (Bank of America)

48.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49.   BOA willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations upon receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their reinvestigations, and/or by failing to appropriately modify, delete, and/or block the information.

50. As a result of BOA's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

51. BOA's actions and omissions were willful, rendering BOA liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from BOA pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### (Mercedes)

53. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

54. Mercedes willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations upon receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their reinvestigations, and/or by failing to appropriately modify, delete, and/or block the information.

55.   As a result of Mercedes' violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of his credit score, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

56.   Mercedes' actions and omissions were willful, rendering Mercedes liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57.   Plaintiff is entitled to recover costs and attorney's fees from Mercedes pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 16 day of October, 2015.

/s/ Paul J. Sieg
Paul J. Sieg, Bar No.: 334182

*/s/ Matthew T. Berry*
Matthew T. Berry, Bar No.: 055663

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3314
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com
*Attorneys for Plaintiff*